```
                 IN THE UNITED STATES DISTRICT COURT

               FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| VITO AIELLO, an individual,<br>CANDIDA AIELLO, and individual,<br><br>            Plaintiffs,<br><br>     v.<br><br>ONEWEST BANK DBA INDYMAC BANK,<br>a corporation; DEUTSCHE BANK<br>NATIONAL, a corporation; LOAN<br>NETWORK LENDING DBA PEOPLE'S<br>MORTGAGE BANK, a corporation;<br>RESIDENTIAL MORTGAGE CAPITAL, a<br>corporation; QUALITY LOAN<br>SERVICE CORP., a corporation;<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, AS TRUSTEE OF THE INDYMAC<br>INDX MORTGAGE LOAN TRUST, a<br>corporation; DOE 1, a corporation;<br>DOE 2-10,<br><br>            Defendants. | 2:10-cv-0227-GEB-EFB<br><br>ORDER DENYING PLAINTIFFS'<br>*EX PARTE* REQUEST FOR A<br>TEMPORARY RESTRAINING ORDER |

        Plaintiffs, proceeding in propria persona, filed an *ex parte* application for a temporary restraining order ("TRO") on January 28, 2010.  Plaintiffs argue a TRO is required to prevent "Defendants . . . from causing irreparable harm to Plaintiffs by attempting to evict Plaintiffs from their home . . . ." (Appl. 2:1-5).  Plaintiffs fail to present facts showing that their request for injunctive relief should be decided without Defendants being notified of the injunctive relief Plaintiffs seek and provided an opportunity to respond to Plaintiffs' injunction request in a noticed preliminary injunction hearing.

## I. LEGAL STANDARD

"Temporary restraining orders are governed by the same standard applicable to preliminary injunctions." Pimentel v. Deutsche Bank Nat. Trust Co., No. 09-CV-2264 JLS (NLS), 2009 WL 3398789, at *1 (S.D.Cal. October 20, 2009)(referencing New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n. 2 (1977) (Rehnquist, J.)). Plaintiffs "seeking a preliminary injunction must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." Id. (citing Winter v. Natural Resources Defense Council, Inc., --U.S.--, 129 S.Ct. 365, 374 (2008)).

## II. ANALYSIS

### A. Likelihood of Success on the Merits

Plaintiffs argue in a conclusory manner in their *ex parte* application that the Defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), as amended, 12 U.S.C. §§ 2601 et seq., and that those violations resulted in the unlawful sale of their home. Plaintiff have provided no sworn facts supporting their arguments, and have not shown how their arguments under RESPA entitles them to prevent eviction from their home.

Plaintiffs argue under TILA that "Defendants failed to provide [them] with the required Notice of Right to Rescind," and therefore they are entitled to rescind their loan with which they purchased their home. (Appl. 4:7-8). However, Plaintiffs also argue their home was sold at a trustee's sale "on or around October 2009." (Appl. 6:17.) This trustee's sale appears to defeat Plaintiffs' right

to rescission under TILA, since 15 U.S.C. § 1635(f) states in pertinent part that "an obligor's **right of rescission shall expire . . . upon the sale of the property . . . .**"(emphasis added). Therefore, Plaintiffs have failed to show they have a probability of success on the merits of their RESPA and TILA claims.

**B.  Irreparable Harm**

Further, Plaintiffs failed to comply with Federal Rule of Civil Procedure 65(b), which applies to the *ex parte* TRO Plaintiffs seek.  Rule 65(b) provides, in relevant part:

> the court may issue a [TRO] without written or oral notice to the adverse party or its attorney **only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition** . . . .

Moreover, Local Rule 231(a) provides: "**[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel,** by telephone or other means, or a sufficient showing of efforts made to provide notice."  E.D. Cal. L.R. 231(a) (emphasis added).

Although each Plaintiff provided a declaration, these declarations contain no information concerning when Plaintiffs expect to be evicted from their home.  Plaintiffs merely aver they "fear Defendants will evict [them] from [their] home before [they] are able to prove that Defendants do not have standing or authority to sell [their] home," and that "[i]f the restraining order is not granted Defendants will continue on with an Unlawful Detainer and [Plaintiffs] will be evicted . . . . "  (Vito Aiello Decl. ¶¶ 5-6, Candida Aillo Decl. ¶¶ 5-6).  These declarations do not shed light on the imminency

3

of the eviction Plaintiffs' fear, and why Plaintiffs delayed until filing their *ex parte* TRO to challenge the impending eviction. Plaintiffs appear to have "unduly delayed in seeking injunctive relief," which "contradicts [Plaintiffs'] allegations of irreparable injury." E.D. Cal. R. 65-231 (b). In addition, Plaintiffs have not shown that "[a]n eviction from property to which they [may] have no legal claim [constitutes] irreparable harm." <u>Wendt v. Edward D. "Tito" Smith</u>, No. EDCV 02-1361-VAP(SGL), 2003 WL 21750676, at *3 (C.D.Cal. Jan. 30, 2003).

Further, Plaintiffs have not shown extraordinary circumstances excusing their failure to provide Defendants with notice of the TRO they seek as required by Local Rule 231(a).

### III. CONCLUSION

Since Plaintiffs have failed to show they have a likelihood of success on the merits of their claims, that they will suffer immediate and irreparable harm if their unnoticed TRO is not granted, and that the circumstances they face are such that they have no time to file a duly noticed motion for a preliminary injunction, Plaintiffs' request for a TRO is **DENIED**.

Dated: January 29, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge