IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VITO AIELLO; CANDIDA AIELLO,

      Plaintiffs,                        No. CIV S-10-0227 GEB EFB PS

      vs.

ONEWEST BANK, et al.,               <u>FINDINGS AND RECOMMENDATIONS</u>

      Defendants.
_____/

      The plaintiffs have requested authority under 28 U.S.C. § 1915 to proceed in this action *in forma pauperis*, and submitted an affidavit purporting to demonstrate that they are unable to prepay fees and costs or give security for them. Dckt. No. 2. However, because the affidavit is insufficient to evaluate whether plaintiffs can pay or give security for court costs and still be able to provide themselves and their dependents with the necessities of life, on April 27, 2010, the undersigned issued an order directing plaintiffs to file, within fourteen days, a further affidavit containing an accounting of their monthly expenses.[1] Dckt. No. 5. The court stated that it would

---

[1] Plaintiff Vito Aiello states in the application and in his affidavit that he earns $3,600 per month; has $3,000 in a checking or savings account; owns a home worth $200,000 that is currently in foreclosure; and that he owns a car worth $2,000. Dckt. No. 2. He further states that he is the sole provider for his entire family, including his wife, three children, and mother-in-law, and that right now they "live paycheck to paycheck." *Id.* However, the affidavit does not

1

then resume consideration of plaintiffs' application to proceed *in forma pauperis*.

The docket reveals that no further affidavit was filed. Therefore, the court finds that plaintiffs have failed to demonstrate that they have insufficient assets to pay the filing fee and costs and provide the necessities of life for themselves and their dependents. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (affidavit is sufficient if it represents that the litigant is "unable to pay for the court fees and costs, and to provide necessities for himself and his dependents") (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)); *see also Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988) (denying *in forma pauperis* status where applicant had a net income of approximately $20,000). Accordingly, IT IS HEREBY RECOMMENDED that plaintiffs' application to proceed *in forma pauperis* be DENIED, and that plaintiffs be given thirty days in which to pay the filing fee of $350.00.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

SO ORDERED.

DATED: June 24, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

provide any information about plaintiffs' monthly expenses.

2